# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**BARBARA ANN JACKSON,**
**and the U.S. DEPARTMENT OF**
**AGRICULTURE,**

    **Plaintiffs,**

vs.                                      Case No. 4:17cv395-MW/CAS

**BANK OF NEW YORK MELLON,**
**f.k.a. BANK OF NEW YORK,**
**and LAW FIRM OF DAVID H. ABRAMS,**

    **Defendants.**

_____/

## ORDER and REPORT AND RECOMMENDATION

On September 1, 2017, the pro se Plaintiff submitted a civil complaint, ECF No. 1, and a motion seeking leave to proceed in forma pauperis, ECF No. 2. Good cause having been shown, Plaintiff's in forma pauperis motion is granted. The Clerk of Court shall file Plaintiff's complaint without requiring payment of the filing fee.

Plaintiff's pro se complaint purports to bring this case on behalf of herself, and the United States Department of Agriculture. ECF No. 1 at 1.

Plaintiff is not an Assistant United States Attorney and cannot bring this action on behalf of the Government.

Judicial notice is taken that this is not Plaintiff's first lawsuit challenging the foreclosure of her property in January 2010. This is her fifth such case. Indeed, the ink was barely dry on the Order of dismissal in her fourth case (case number 4:17cv352-MW/CAS) when Plaintiff filed this case.

Plaintiff brings this case against the same Defendants named in her last case: the Bank of New York Mellon, which Plaintiff indicates was formerly known as the Bank of New York, *see* ECF No. 2 at 1, and her former attorney, David Abrams. ECF No. 1 at 1, 4. The basis for this case is the same as Plaintiff alleged previously: the Bank foreclosed on her property in 2010. *Id.* at 4. She contends the Bank "sold bad loans" to individuals/"single minorities." *Id.* Plaintiff provides no statement of a claim against her former attorney, but in her prior case, she claimed that he refused "to provide any information" to her concerning foreclosure and committed bankruptcy abuse when he withdrew as counsel. Case # 4:17cv352, ECF No. 1 at 7.

There is little need to detail Plaintiff's prior cases; that was done in the Report and Recommendation entered in case number 4:17cv352. *See*

ECF No. 4. It is sufficient to note that Plaintiff previously filed case number 4:15cv491-RH/CAS against Bank of America and David Abrams. She alleged discrimination and a violation of the Fair Housing Act as it concerned her home located at 2017 Flagler Street in Quincy, Florida. The case was dismissed for failure to state a claim because Plaintiff "alleged no facts plausibly suggesting she [had] suffered discrimination of any kind." ECF No. 11 at 2 of that case.

Plaintiff then filed case number 4:16cv212-RH/EMT. Again, Plaintiff raised the same claims based on substantially the same facts as alleged in her first case. Her claims were again brought against Bank of America and David Abrams. That case was dismissed as barred by the doctrine of res judicata. ECF Nos. 13, 15 of case # 4:16cv212.

Plaintiff filed case number 4:16cv773-RH/CAS in December 2016. It was also against Bank of America and David Abrams and concerned the foreclosure of property located at 2017 Flagler Street in Quincy, Florida. The case was dismissed as barred by res judicata. All claims Plaintiff sought to assert in that third case could have been raised previously. ECF Nos. 10-11 of case # 4:16cv773.

Plaintiff's fourth case was dismissed because it failed to state a claim and was barred by the doctrine of collateral estoppel. ECF Nos. 6-7 of

case # 4:17cv352-MW/CAS. This case is brought against the same parties as were named in the fourth case, raising the same claims, and is based on the same events. Thus, this case is barred by the doctrine of res judicata.[1] Plaintiff cannot continue filing cases based on the events from 2010. Plaintiff has "had multiple bites at the apple, and indeed, the apple is bitten down to the core." Spinelli v. Capital One Bank, No. 8:08-CV-132-T-33EAJ, 2010 WL 11475480, at *2 (M.D. Fla. Mar. 15, 2010). This case should be dismissed.

This recommendation is made sua sponte. Doing so "is fully consistent with the policies underlying res judicata: it is not based solely on the defendant's interest in avoiding the burdens of twice defending a suit, but is also based on the avoidance of unnecessary judicial waste." United States v. Sioux Nation, 448 U.S. 371, 432, 100 S.Ct. 2716, 65 L.Ed.2d 844 (1980) (Rehnquist, J., dissenting) (citations omitted) (quoted in Arizona v. California, 530 U.S. 392, 412, 120 S. Ct. 2304, 2318, 147 L. Ed. 2d 374, supplemented, 531 U.S. 1, 121 S. Ct. 292, 148 L. Ed. 2d 1 (2000)). Nevertheless, this Report and Recommendation gives notice to Plaintiff

---

[1] Although res judicata was the basis for dismissal of Plaintiff's second and third cases, it was not appropriate in dismissing the fourth case because Plaintiff named the Bank of New York Mellon as a Defendant whereas her prior cases named the Bank of America as the Defendant.

and an opportunity to be heard prior to dismissal.  Plaintiff's objections, if any, must be timely filed.

Finally, it is again recommended that sanctions be imposed on Plaintiff should she seek to file another case against David Abrams, his law firm, the Bank of New York Mellon, or the Bank of America, if the claims concern her bankruptcy or foreclosure.  Five dismissals is more than sufficient notice to Plaintiff that her claims are frivolous.

Accordingly, it is **ORDERED:**

1.  Plaintiff's motion for in forma pauperis status, ECF No. 2, is **GRANTED**.

2.  The Clerk of Court shall file the complaint without requiring payment of the filing fee.

**RECOMMENDATION**

It is respectfully **RECOMMENDED** that Plaintiff's complaint, ECF No. 1, be **DISMISSED** because it fails to state a claim and this case is barred by the doctrine of res judicata.

**IN CHAMBERS** at Tallahassee, Florida, on September 8, 2017.

  s/    Charles A. Stampelos
**CHARLES A. STAMPELOS
UNITED STATES MAGISTRATE JUDGE**

# NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.